UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **KEITH EDWARDS,** | : | Civil Action No. 12-5524 (PGS) |
| **Plaintiff,** | : | |
| v. | : | REPORT AND RECOMMENDATION |
| **NEW JERSEY HUMAN SERVICES, et al.,** | : | |
| **Defendants.** | : | |

This matter comes before the Court sua sponte based on Plaintiff's failure to comply with certain court orders and otherwise prosecute his case. For the reasons that follow, it is respectfully recommended that Plaintiff's Complaint be dismissed without prejudice

**I.**

On September 4, 2012, Plaintiff Keith Edwards ("Plaintiff") filed a Complaint against Defendants New Jersey Human Services ("NJHS"), Stephen Sexton, and State of New Jersey alleging, inter alia, that the Defendants violated his Fourth and Fourteenth Amendment rights [dkt. no. 1]. Defendants State of New Jersey and NJHS (collectively, "State Defendants") filed an Answer on February 5, 2013 [dkt. no. 4].[1] A summons was issued as to Mr. Sexton on September 5, 2012 [dkt. no. 2], but it does not appear that Mr. Sexton was ever served. Mr. Sexton has not entered an appearance.

On February 5, 2013, the Court issued an Order ("the Order") scheduling an initial conference, pursuant to FED. R. CIV. P. 16, for March 26, 2013 [dkt. no. 5]. The Order directed

---

[1] On April 17, 2013, the Court issued an Order granting the State Defendants' unopposed motion for extension of time to file an answer and deeming Defendants' Answer filed as of February 5, 2013 [dkt. no. 8].

the Parties to meet and confer in order to agree on a joint discovery plan.[2] Id. The joint discovery plan was to be submitted to the Court no later than seven days prior to the scheduling conference. The Order also required the Parties to exchange certain early disclosures without formal discovery requests. Id. The Order further required the Parties to meet and confer, prior to the scheduling conference, as required by FED. R. CIV. P. 26(f). Id. Finally, the Order warned the Parties that sanctions "may be imposed pursuant to FED. R. CIV. P. 16(f) if counsel or an individual unrepresented by counsel either fails to appear at the conference or appears unprepared." Id.

Deputy Attorney General Kevin J. Fleming appeared at the scheduling conference on behalf of the State Defendants. Plaintiff did not appear at the conference, nor did he comply with any part of the Order. Despite Mr. Fleming's efforts, he was not able to reach Plaintiff's counsel prior to the scheduling conference. Due to Plaintiff's failure to respond to the State Defendants, the Parties did not submit a joint discovery plan.

Following the scheduling conference, also on March 26, 2013, the Court issued an Order to Show Cause ("OTSC") [dkt. no. 7]. The OTSC directed Plaintiff to respond in writing by April 5, 2013 as to why this action should not be dismissed pursuant to Local Civil Rule 41.1(a)

---

[2] The Joint discovery plan was to include, at a minimum, the following: (1) a brief factual statement of the claims or defenses in the action, as well as a brief statement of the legal issues in the case; (2) a description of all discovery conducted by the parties to date; (3) a description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties suggested resolution of the problems; (4) a description of the parties further discovery needs; (5) the parties estimate of the time needed to complete discovery; (6) a statement regarding whether expert testimony will be necessary, and the parties anticipated schedule for retention of experts and submission of their reports; (7) a statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reasons the limitation is sought; (8) a description of any special discovery needs of the parties (e.g., videotape/telephone depositions, problems with out-of-state witnesses or documents, or discovery of digital information).

for lack of prosecution. Id. Plaintiff has not responded to the Court's OTSC.

## II.

"A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." Iseley v. Bitner, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962)). This authority has been further codified in Local Civil Rule 41.1(a), which provides:

> (a) Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit from counsel of record or the unrepresented party. . . .

Ordinarily, in deciding whether to impose an involuntary dismissal, the Court employs a six-factor balancing test. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).[3] However, where the dismissal is without prejudice, as is recommended below, the Court need not weigh the Poulis factors. Choi v. Kim, 258 F. App'x 413, 416-17, n.5 (3d Cir. 2007) (dismissal without prejudice does not operate as an adjudication on the merits).

## III.

In this case, Plaintiff filed his Complaint more than seven months ago. Since that time, it appears Plaintiff has done nothing. Plaintiff has not filed any proof of service as to any Defendant; Plaintiff did not respond to the State Defendants' motion for extension of time to

---

[3] The factors identified in Poulis are: (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense. Id. at 868.

answer; Plaintiff did nothing in response to the Court's February 5, 2013 Order; Plaintiff did not appear at the Court's initial scheduling conference; and Plaintiff did not respond to the Court's OTSC. The Court, moreover, has had no communication with Plaintiff or Plaintiff's counsel. Plaintiff has likewise not returned phone calls or messages from the State Defendants. Together, these facts establish Plaintiff's failure to adequately prosecute this matter.

The above points notwithstanding, the Court cannot conclude at this time whether the failure to prosecute is attributable to Plaintiff himself or to Plaintiff's counsel. See Poulis, 747 F.2d at 868 (the Court must consider the extent of the party's *personal* responsibility). As a result, the Court recommends the action be dismissed *without* prejudice.

**IV.**

The Court having considered this matter sua sponte, and for the reasons stated herein,

**IT IS** on this 18th day of April, 2013,

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to FED.R.CIV.P. 41(b) and Local Civil Rule 41.1(a).

The Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**